**Thomas W. Bryant d/b/a Bryant Real Estate
v. Kenneth M. Strong and Louisa B. Strong**

[448 A.2d 142]

No. 382-80

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed May 20, 1982

Motion for Reargument Denied June 14, 1982

*Harold B. Stevens*, Stowe, for Plaintiff.

*Richard C. Blum* and *Thomas J. Amidon* of *Blum Associates*, Burlington, for Defendant.

**Barney, C.J.** The claims and cross-claims raised in this appeal concern a real estate broker's right to collect a fee for his efforts in arranging a sale. That sale ultimately fell through when the sellers, who had listed their home with him under a nonexclusive listing agreement, sold it instead to their tenants, who held a right of first refusal.

On July 20, 1976, the plaintiff, a licensed realtor, and the defendants, owners and would-be sellers of a residential property, entered into a nonexclusive (open listing) agreement regarding the property for a one year period. The pertinent terms of the agreement were that the owners would pay the broker a six percent commission on the amount of the sale price, except that this commission would not be earned if the property was sold by the owners to anyone not secured by the realtor. The agreement was completed on a form drafted and furnished by the plaintiff broker.

During the year that the agreement was in effect, the owners rented their home to a party who requested, and was orally granted, a right of first refusal to purchase the property on the same terms and conditions as the owners might agree with a would-be purchaser.[1] The existence of this right first came to the realtor's attention when he was showing the

---

[1] The broker's claim that the oral right of first refusal violated the Statute of Frauds, 12 V.S.A. § 181, and was therefore no obstacle to the sale of the property to the potential purchasers, is without avail. The broker, not being a party to the contract, has no standing to challenge its validity, and in any case the contract would have been enforceable by the tenant against the owner because the owner admitted its existence. *Troy* v. *Hanifin*, 132 Vt. 76, 80–81, 315 A.2d 875, 878 (1974); *Chapman* v. *Ford*, 246 Md. 42, 52, 227 A.2d 26, 31 (1967); 2 Corbin on Contracts § 279 (1950).

property to the potential purchasers, and sometime thereafter it was communicated to the purchasers as well. The findings affirmatively show that all of the parties were aware of the existence of this right at all relevant times.

With full knowledge that their ability to purchase the property was contingent on the tenant's decision not to buy, the prospective purchasers made an offer on the property and tendered a substantial deposit to the realtor. After some negotiation the realtor, the owners and the prospective purchasers entered into a Deposit Receipt and Sales Agreement, again on a standard form provided by the realtor, in which the owners once again agreed to pay the realtor a commission "as per [the] listing agreement," and in which an additional term provided that, in the event the sellers and the purchasers failed to complete the sale as provided for by the agreement, the realtor would be entitled to receive one-half of the deposit. The agreement further stated that if legal action was instituted to collect any or all of the commission, the seller would pay reasonable attorney's fees as determined by the court. No mention was made of the tenant's right of first refusal as a precondition to the sale, anywhere in the agreement.

After the Deposit Receipt and Sales Agreement was signed, the realtor contacted the tenant to see what her intention was. She was ambivalent, and over the next week looked at a number of other area properties in an attempt to reach a decision. Some of these properties were shown her by the plaintiff, and others she looked at independently. When she at last agreed to move out if the prospective purchasers would allow her to remain as a tenant until Thanksgiving, and this request was denied, she decided to exercise the right of first refusal and purchase the property. The sale between the owners and their tenant closed with no further assistance from the plaintiff, who had returned the $6500 deposit to the potential purchasers.

The plaintiff then sued for a commission on the defendant owners' sale of the property to their tenant, later amending the claim to include attorney's fees. His position was that he had procured a ready, willing and able buyer, with whom the owner had contracted for the sale of the property without any precondition. The trial court correctly found that the

plaintiff was not the procurer of the buyer, and was thus not entitled to any commission on the sale. It further found, however, that since the prospective purchasers and the owners had failed to complete the transaction contemplated by the Deposit Receipt and Sales Agreement, the realtor was entitled to one-half of the amount of the deposit plus reasonable attorney's fees.

On appeal the defendant owners seek to be relieved of any liability, while the plaintiff realtor seeks to increase his award by a finding that he is entitled to a full six percent commission on the sale of the property to the tenant, and larger attorney's fees. We find the defendants' argument persuasive and we reverse.

■■ No liability for a commission arises under a nonexclusive listing agreement like the one entered into here unless the broker who claims the commission was the procuring cause of the sale. *Ellis-Gould Corp.* v. *Kelly,* 134 Vt. 255, 257, 356 A.2d 497, 498 (1976); *Kelly* v. *Beaudoin,* 131 Vt. 27, 31, 298 A.2d 831, 833 (1973). The burden was on the plaintiff to show that his efforts dominated the transaction, *Kelly* v. *Beaudoin, supra,* 131 Vt. at 32, 298 A.2d at 834 (citing *M. E. Walbridge Agency, Inc.* v. *Rutland Hospital, Inc.,* 123 Vt. 149, 154, 186 A.2d 179, 183 (1962) (Holden, J., dissenting)), and the trier of fact was well within the evidence in deciding that he had not met this burden.

■ Nor is the plaintiff entitled to a commission of one-half of the deposit under the Deposit Receipt and Sales Agreement. The effectiveness of the agreement, as all of the parties to it were aware, was contingent on the tenant's decision not to exercise her right of first refusal and purchase the property from the owners. The buyers procured by the realtor were ready and willing to be sure, but not yet able to purchase on the terms prescribed therein. Cf. *Osler* v. *Landis,* 138 Vt. 353, 415 A.2d 1316 (1980). The realtor, who prepared the deposit agreement with full knowledge that it would not be performed unless the precondition was met, cannot now be heard to rely on it. See *Stratton* v. *Cartmell,* 114 Vt. 191, 194, 42 A.2d 419, 421 (1945).

248

There being no judgment for the plaintiff on its claim for a commission, the award of attorney's fees cannot stand.

*Judgment reversed.*